**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN | : | |
| and | : | |
| THE MARY ETZRODT REAL ESTATE TRUST | : | NO. 20-CV-00289 |
| and | : | |
| NI45, LLC | : | |
| and | : | |
| E.B. | : | |
| c/o Kline & Specter, P.C. | : | |
| | : | |
| Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS
MOTEL MANAGEMENT SERVICES, INC., D/B/A NESHAMINY INN,
THE MARY ETZRODT REAL ESTATE TRUST AND
NI45, LLC TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Motel Management Services, Inc. d/b/a Neshaminy Inn, The Mary Etzrodt

Real Estate Trust and NI45, LLC (collectively "defendant insureds") hereby respond to the

Complaint for Declaratory Judgment as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted, except that the claims of the underlying E.B. case are misdescribed by plaintiff insurer as solely involving claims against defendant insureds for alleged "human trafficking activities" such as are made illegal by Pennsylvania statute.  To the contrary, only one of the three counts against defendant insureds of the underlying amended complaint at issue seeks to impose civil liability under the statute based on alleged sexual trafficking activities.  By way of further answer, even that single statutory claim is premised on negligence and contentions including as a potential basis of defendants' liability merely "constructive knowledge," through, defendant insureds' "agents" and "servants," of the rental of motel rooms, at amounts not alleged to be inflated, or other than a standard rate, which were used, unbeknownst to defendant insureds, by underlying plaintiff E.B. for purposes of prostitution, on three occasions.  Amended Complaint Count II and e.g., paragraphs 32, 33, 47, 51-53.  The other two counts of E.B.'s amended complaint seek to impose liability on defendant insureds based on, among other things, alleged failure of security, regardless of whether defendants' agents and employees rental of rooms on three occasions used by E.B. for prostitution constitutes sexual trafficking under the Pennsylvania statute.

8.      Admitted, except this that paragraph 8 misdescribes the claims made by E.B. in her amendment to the underlying complaint following This Court's determination of no coverage.  More specifically, in paragraph 8 plaintiff insurer describes E.B.'s amended complaint as having removed certain allegations concerning the "conduct of the defendants."  To the contrary, the most significant prior allegations by E.B. in her underlying initial complaint removed by its amendment referred not to the conduct of defendant motel operators, but to her pimp, as to which E.B. amended her underlying complaint by eliminating the allegations that she had engaged in prostitution involuntarily by being held at gunpoint and threatened with violence.

Moreover, plaintiff insurer omits from its paragraph 8 description of the changes in E.B.'s amended complaint the important fact that the allegations E.B. eliminated in her amended complaint of being forced to engage involuntarily in prostitution at gunpoint and through threat of violence were the specific basis of the Trial Court's earlier determination of no coverage referenced by plaintiff insurer in paragraph 8.

More specifically, as plaintiff insurer itself explained in a filing in the earlier declaratory judgment action, in its decision referenced in paragraph 8 the Trial Court "excluded coverage" because E.B. alleged "assaults" consisting of being "held at gunpoint while being forced to engage in involuntary sexual activity and by the sexual activity itself which she alleged was involuntary and performed under threat of harm." Brief of Appellee Nautilus Insurance Company, at 2, in the appeal in the earlier declaratory judgment action to the United States Court of Appeals for the Third Circuit (at No. 18-3436).

9.    Admitted.

10.    Denied as stated. Admitted only that, based on allegations in E.B.'s initial and unamended complaint, the Trial Court found that coverage was excluded by the assault and battery exclusion and would be contrary to public policy. By way of further answer, those determinations of the Trial Court were based on the allegations removed from E.B.'s amended complaint, upon which the Trial Court explicitly relied in concluding that there was no coverage because "E.B. alleges she was assaulted" by being:

> "forcibly compelled to engage in sexual acts against her will" by being "held at gunpoint and threatened to engage in sexual acts with multiple traffickers." Nautilus Insurance Co. v. Motel Management Services, Inc., 320 F.Supp. 3d 636, 642 (E.D. Pa. 2018).

11.    Denied as stated.  Admitted only that E.B.'s amended complaint, among other things, removed allegations upon which This Court had explicitly relied in its determination that "Nautilus did not owe a defense or indemnification."

By way of further answer, it is denied that the amended complaint of E.B. constituted "an evident attempt to avoid the result of This Court's prior judgment" as to coverage.  To the contrary, as plaintiff insurer well knows, by her amended complaint, E.B. and her counsel removed allegations which the earlier determination of no coverage was explicitly dependent, for the entirely proper and professional reason that the eliminated allegations earlier had been contradicted by E.B.'s sworn deposition testimony in the underlying case.

More specifically, in the earlier coverage case (i.e., "the previous matter," as referenced by plaintiff insurer) based on E.B.'s complaint before amendment, defendant insured MMS had filed a motion seeking to vacate the judgment of no coverage based on the newly discovered evidence of E.B.'s deposition testimony, in which she denied that she was ever threatened with a weapon at Neshaminy Inn by her pimp or subject to physical abuse or assault by any John at the Neshaminy Inn.  (Motion for Relief from Final Judgment and Order, Document 30.)  That motion was denied, and that denial was upheld on appeal, on the basis that Pennsylvania adheres to a strict "four corners" rule requiring that coverage be determined solely on the allegations explicitly set forth in the operative liability complaint, which here, following its amendment by E.B., no longer includes the allegations of involuntary prostitution at gunpoint and threat of violence contradicted by E.B.'s deposition testimony.

12.    Denied as a legal conclusion as to which no response is required.  By way of further answer, specifically denied that E.B.'s amended complaint alleges "repeated assaults" within the common and ordinary meaning of the term "assault," which is use of force or threat of

-4-

force against another.  More specifically, contrary to the earlier contentions of her unamended complaint which were contracted in her sworn testimony, E.B.'s amended complaint no longer alleges that she was subject to any "assaults" within the common and ordinary meaning of that term, which the Trial Court's finding of no coverage explained is an "intentional attempt by force to do an injury to the person of another."  (320 F.Supp. 3d 636, 642.)  To the contrary, in the "four corners" of her amended complaint E.B. now alleges that she engaged in repeated acts of prostitution, with no averments of force or threat of force, but as to which she could not legally consent because she was a minor.

13.     Denied as stated.  By way of further answer, to the extent that it is alleged by plaintiff insurer that E.B. seeks the liability of defendant insureds for their operation of the Neshaminy Inn based solely on civil liability under Pennsylvania's sexual trafficking statute, or on alleged intentional wrongdoing by them, or on alleged actual knowledge by them of E.B.'s engaging in prostitution, or of her minority, or by their alleged "profiting," in any sense other than by the rental of rooms on three occasions at standard rates, denied.

14.     Denied as stated.  Admitted only that paragraph 14 accurately quotes the definition of "sexual servitude" from Pennsylvania's sexual trafficking statute.  Denied that said definition has any relevance to whether the claims of E.B., as set forth in her amended complaint, i.e., of engaging in sexual relations as a prostitute at defendants' motel as to which she could not legally consent because of her age, are covered under defendant insured's policy, which includes no specific exclusion for claims arising from sexual trafficking, or from prostitution or from other sexual activity, or from minors engaging in activities made illegal by being underage.

15.     Denied as stated.  Admitted only that one of the three counts against defendant insureds seeks liability on the basis that E.B.'s voluntary acts of prostitution as a minor

-5-

constituted sexual servitude.  Denied that the liability of defendant insureds on E.B.'s amended complaint can be foreclosed on the basis of their merely "constructive knowledge" of E.B.'s prostitution and/or without any actual knowledge of either her prostitution or her minority, and without any intentional conduct other than the rental of rooms at standard rates on three occasions by an employee on desk duty.

16.    Denied as stated.  Admitted only that paragraph 16 includes an accurate quotation from the Pennsylvania Human Trafficking Statute providing for civil liability.  By way of further answer, as to plaintiff insurer's apparent contention that because, in standard pleading format, the successive counts of E.B.'s amended complaint incorporate prior paragraphs, all claims against defendant insureds therefore require proof of liability under the Pennsylvania statute, denied.  To the contrary, Counts IV and VI of E.B.'s amended complaint against defendants seek to impose liability that it is in no sense dependent on civil liability under the Pennsylvania Human Trafficking Statute, or dependent upon proof of conduct of defendant insureds that satisfy any of the elements required for civil liability under such statute.

17.    Denied as stated.  Admitted only that defendant insurer accurately refers to the provision of the Pennsylvania Human Trafficking Statute as to consent not being a defense.

18.    Denied as stated.  Admitted only that, as plaintiff insurer accurately states, civil liability for human trafficking under the Pennsylvania Statute can be imposed without the victim being physically "coerced or forced to engage in sexual relations."

By way of further answer, this means that said statutory liability can be imposed without any showing whatsoever of conduct within the common and ordinary meaning of the term "assault," of use of force or threat of force.

-6-

Admitted further that as demonstrated by the <u>Kobrick</u> case cited by plaintiff insurer in paragraph 18, a teacher of a student can be liable for sexual and criminal assault to which that student's consent is legally ineffective. Denied that such legal ineffectiveness of consent, for purposes of the civil or criminal liability of one who engages in sexual relations with a minor, has any relevance to whether a minor's engaging in prostitution, without compulsion of force or threat of force, falls within the common and ordinary meaning of the term "assault" used in the relied upon policy exclusion.

19.     Denied as stated. Admitted only that plaintiff insurer accurately quotes a provision of the Pennsylvania Human Trafficking Statute which, if relevant, applies only to the one of the three counts (Count II) against the defendant insureds set forth in the amended complaint of E.B., which is based on civil liability under that statute. Denied that the fact that the statute requires for civil liability conduct "knowingly" committed has any relevance to plaintiff insurer's duty to defend its insureds on the claims of E.B.'s amended complaint as (i) that provision has no applicability as to the possibility of civil liability of defendants on the two counts against them (Counts IV and VI) not premised on civil liability under the Human Trafficking Statute, and (ii) as to the one count premised on such alleged statutory civil liability (Count II) the "knowingly" requirement does not foreclose the possibility of such civil liability based on the alleged "constructive" knowledge of defendants' agents and employees in connection with the rental of rooms at standard and ordinary rates, and related negligence, including failures of policies and procedures and/or security.

20-27.  Admitted.

Case 2:20-cv-00289-PBT   Document 19   Filed 04/22/20   Page 8 of 16

## COUNT I

28.     Defendant insureds incorporate herein by reference the responses set forth in paragraphs 1 through 27 above in their entirety.

29.     Denied as stated.  Admitted only that an earlier decision from This Court found coverage excluded under the assault and battery exclusion of the policy on the explicit basis that E.B. in her initial complaint specifically alleged that "she was assaulted" by being "held at gunpoint and threatened to engage in sexual acts with multiple traffickers."  320 F.Supp. 636, 642.

By way of further answer, paragraph 37 of the initial E.B. complaint, specifically relied upon by the Trial Court for the contention of assault, has been eliminated from the amended complaint now at issue, as set forth above, based on E.B.'s sworn deposition testimony.

Further, the United States Court of Appeals for the Third Circuit affirmed the Trial Court's decision finding no coverage also on the specific basis of the now repudiated contention of the initial complaint of E.B. being "held at gun point" and "forced" "to engage in sexual acts," which now eliminated allegations were found by the Third Circuit to be "allegations [that] reflect assaults and batteries…"  781 Fed.Appx. 57 at 58, 60.

30.     The averments of paragraph 30 of the complaint are denied as a constituting conclusions of law to which no further response is required.

31.     Denied as stated.  To the contrary, the applicability of the relied upon assault and battery exclusion of plaintiff insurer's policy is not dependent on whether a minor can consent to sexual conduct, or whether the one of the three counts against defendant insureds of E.B.'s amended complaint seeking civil liability under the Pennsylvania Human Trafficking Statute requires conduct of the defendants that is knowing.  By way of further answer, the applicability

-8-

of the exclusion depends solely on whether the averments in E.B.'s amended complaint of voluntary, but underage, prostitution, construed expansively in favor of coverage, set forth facts, which must be essential to liability on all of the separate claims against defendant insureds, which can only be reasonably construed as falling within the common and ordinary meaning of the term "assault," as used in that relied upon policy exclusion.

As the Trial Court explained, "assault" is an "intentional attempt by force to do an injury to the person of another." The requirement of such compulsion by force or threat of force is particularly compelling here, in the context of liability insurance for hotels and motels, as for such insureds claims of negligence arising from third parties engaging in on premises criminal conduct, such as violence and prostitution, represent significant, and very different, risks for which liability coverage has been purchased.

32. The averments of paragraph 32 of the complaint constitute conclusions of law as to which no further response is required.

## COUNT II

33. Defendant insureds incorporate herein by reference the responses of paragraphs 1 through 32 above in their entirety.

34. The averments of paragraph 34 as to the earlier determination of no coverage being res judicata are denied as constituting a conclusion of law as to which no further response is required. By way of further answer, coverage of the amended claims of E.B. cannot be determined based on the initial complaint of E.B., which was the subject of that earlier determination, but must be determined solely from the "four corners" of her amended complaint, which does not allege E.B.'s acts of prostitution being the result of compulsion by force or threat of force.

35.     Denied as stated.  By way of further answer, admitted only that paragraph 35 references the requirements for statutory liability as set forth in the language of E.B.'s amended complaint.  Denied that such or other language of E.B.'s amended complaint forecloses the possibility of the liability of defendant insureds on the basis of negligence consisting of a failure "to take precautions against reasonably anticipated criminal conduct" by third parties, including failings of policies and procedures and inadequate security, and/or on the basis of solely "constructive" knowledge of its agents and servants, and/or without any evidence of actual knowledge that E.B. was engaging in prostitution, or that she did so as a minor, which rendered her a victim of sexual trafficking.

36.     The averments of paragraph 36 of the complaint are denied as constituting a conclusion of law to which no further response is required.  Denied that the defendant insureds can only be liable under E.B.'s amended complaint on the basis of conduct by them which is reprehensible and should be uninsurable as a matter of law as contrary to public policy.  By way of further answer, defendants incorporate herein by reference in their entirety the averments of paragraph 35 above, and aver that no public policy supports denying coverage for those such as defendant insureds for whom liability cannot be foreclosed based on negligence relating to failures of policies and procedures and/or security in connection with rentals of rooms at standard rates on three alleged occasions which were used, unbeknownst to defendant insureds, for prostitution, by a person who, also unbeknownst to defendant insureds, was only 17 and thus a minor.

By way of further answer, denying defense coverage in this matter would be contrary to public policy, for reasons including, but not limited to, Pennsylvania public policy which supports providing insurance coverage within the reasonable expectations of its insureds.  This is

-10-

so notwithstanding claims as here that by virtue of such insured's negligence third parties were able to engage in criminal conduct, including specifically sexual assault of a minor, as demonstrated by this Commonwealth's Superior Court decision in the case of <u>Board of Public Education of The School District of Pittsburgh v. National Union Fire Ins. Co. of Pittsburgh, PA</u>, 709 A.2d 910 (Pa. Super. 1998).  In that decision, the court found coverage for a school district's alleged negligence in connection with the criminal sexual molestation of a student.  While the exclusion in that case differs from here, the issue of public policy is directly implicated as the court in that case forcefully stated that "[t]o deny the School District a defense against claims [arising from a minor student's sexual abuse] that do not allege excluded conduct by the [insured] would be intolerable."  <u>Id.</u> at 917.

Also, denying defense coverage under the policy's assault and battery exclusion for claims, as here, arising from prostitution not pled to be compelled by force or threat of force, would conflict with the reasonable expectations of motel and hotel insureds, for whom such prostitution is an identifiable and ever present risk, which could have been, but was not, excluded by specific unambiguous provision directed to third parties' illegal on premises sexual activity or illegal underage conduct.  Such denial of defense coverage within the reasonable expectation of insureds would have potentially far reaching adverse consequences to the hospitality industry of this Commonwealth, and would also result in denial of compensation to victims of sexual trafficking, further contrary to public policy.

37.     Denied as a conclusion of law to which no further response is required.

## COUNT III

38.     Defendant insureds incorporate by reference the responses of paragraphs 1 through 37 above in their entirety.

39.     Paragraph 39 of plaintiff insurer's complaint incorporates by reference Counts III through IX of its original complaint for declaratory judgment in the previous action.  Answering defendants incorporate herein by reference the responses in their entirety in the answer of Motel Management Services, Inc. to Counts III-IX in the previous action.

### AFFIRMATIVE DEFENSES

1.     Defendants incorporate herein by reference in their entirety the averments of paragraphs 1 through 39 above.

### FIRST AFFIRMATIVE DEFENSE

2.     Plaintiff insurer's complaint fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

3.     Plaintiff insurer's position of no coverage violates the principle of law that the determination of an insurer's duty to defend must be made on the basis of the factual contentions set forth within the four corners of the operative underlying liability complaint against its insured.

4.     Plaintiff insurer's position of no coverage violates the principle of law that the underlying liability complaint's allegations against its insureds must be construed liberally in favor of coverage.

5.     Plaintiff insurer's position of no coverage violates the principle of law that a duty to defend exists until and unless the factual allegations of a multiple count underlying liability

-12-

complaint against its insured can be limited to claims as to which there is no possibility of liability on covered grounds.

6.     Plaintiff insurer's position of no coverage conflicts with the allegations of the multiple counts of E.B.'s amended complaint against its insureds as to which the possibility of liability cannot be foreclosed based solely on "constructive" knowledge and negligence consisting of failures of "policies" and "procedures" to protects guests from allegedly "reasonably anticipated" risks of on premises criminality by third parties.

## THIRD AFFIRMATIVE DEFENSE

7.     Plaintiff insurer's position of no coverage conflicts with the  common and ordinary meaning of the term "assault" used in its policy provision, which the Trial Court, in its earlier decision, explained is "an intentional attempt by force to do an injury to the person of another" or an "attempt by physical menace to put another in fear of imminent serious bodily injury."

8.     Plaintiff insurer's position of no coverage conflicts with the averments of E.B. of injury by sexual trafficking arising from the alleged negligence of defendant insureds.

9.     Plaintiff insurer's position of no coverage conflicts with the legal principle that if a policy provision is subject to more than one reasonable interpretation, it is ambiguous and must be construed in favor of coverage.

10.     The best and perhaps only reasonable interpretation of the involved assault and battery exclusion is that it does not apply to sexual relations by underage prostitutes that are not made involuntary by the compulsion of force or threat of force.

11.     Plaintiff insurer's position of no coverage conflicts with the reasonable expectation of insureds, as here, operating hotels and motels, that while there would be no

-13-

coverage for claims of negligence in connection with acts of violence by third parties such as fights, muggings, and shootings, there would be coverage for claims arising from illegal sexual activity and/or underage activity by third parties unaccompanied by the compulsion of force or threat of force.

## FOURTH AFFIRMATIVE DEFENSE

12.     Pennsylvania public policy favors providing insurance coverage within the reasonable expectation of insureds for negligence in connection with the alleged failure to prevent criminal conduct by third parties regardless of the reprehensibility of the acts of such third parties.

13.     Depriving victims of sexual trafficking of compensation from insurance proceeds which is within the reasonable expectation of insureds of coverage is contrary to public policy.

WHEREFORE, Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC respectfully request that This Court dismiss the Complaint for Declaratory Judgment and/or enter a declaratory judgment that Nautilus Insurance Company is obligated to provide a defense and indemnity to the defendant insureds with respect to the claims made in the underlying action, plus costs and such other relief as may be appropriate.

## COUNTERCLAIM

1.     Defendants are the counterclaim plaintiffs.

2.     The Counterclaim defendant is plaintiff insurer.

3.     Counterclaim plaintiffs incorporate herein by reference the averments of the answer and affirmative defenses above in their entirety.

-14-

4.      The terms of the Nautilus policies apply to the claims of the amended complaint of E.B. referenced above and require counterclaim defendant insurer to provide a defense and indemnification, to the policy limits, for the allegations set forth in the amended complaint of E.B.

WHEREFORE, Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC respectfully request that This Court dismiss the Complaint for Declaratory Judgment and/or enter a declaratory judgment that Nautilus Insurance Company is obligated to provide a defense and indemnity to the defendant insureds with respect to the claims made in the underlying action, plus costs and such other relief as may be appropriate.

Date:   April 22, 2020              /s/ Jeffrey R. Lerman
                                    Jeffrey R. Lerman, Esquire
                                    Glenn F. Rosenblum, Esquire
                                    Montgomery, McCracken, Walker & Rhoads, LLP
                                    1735 Market Street, 19th Floor
                                    Philadelphia, PA 19103
                                    (215) 772-1500 (telephone)
                                    (215) 772-7620 (facsimile)

                                    *Attorneys for Defendants*
                                    *Motel Management Services, Inc. d/b/a Neshaminy Inn,*
                                    *The Mary Etzrodt Real Estate Trust and NI45, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2020, one true and correct copy of the foregoing

**Answer, Affirmative Defenses and Counterclaim of Defendants Motel Management**

**Services, Inc., D/B/A Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC**

**To Plaintiff's Complaint** will be served via the court's electronic filing system upon:

> Louis E. Bricklin, Esquire
> Bennett, Bricklin & Saltzburg LLC
> Centre Square, West Tower
> 1500 Market Street, 32nd Floor
> Philadelphia, PA 19102
>
> Nadeem Bezar, Esquire
> Emily Marks, Esquire
> Kline & Specter, P.C.
> 1525 Locust Street
> Philadelphia, PA 19102

Date:   April 22, 2020                            */s/ Glenn F. Rosenblum*
                                                     Glenn F. Rosenblum

5224618v4