IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC. d/b/a NESHAMINY INN and THE MARY ETZRODT REAL ESTATE TRUST and NI45, LLC and E.B. | : | NO. 20-CV-00289 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT E.B. TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant E.B., by and through counsel, hereby Answers Plaintiff's Complaint as follows:

1. Denied as stated. This Paragraph refers to pleadings in an action filed in the Philadelphia Court of Common Pleas under Case Identification No. 170500487. The pleadings are written documents that speak for themselves and any characterization of the pleadings are denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied. This paragraph includes legal conclusions to which no response is required. The remainder of the averments in this Paragraph are denied as they refer to pleadings in an action filed in the Philadelphia Court of Common Pleas under Case Identification No. 170500487. The

pleadings are written documents that speaking for themselves, and any characterizations of the pleadings are denied.

8. Denied. The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied. Additionally, Plaintiff filed an Amended Complaint to join as defendants NI45 LLC and The Mary Etrzrodt Real Estate Trust as the landlords and owners of the property on which the Neshaminy Inn is located based on information discovered during the litigation and the deposition of Matthew Etrzrodt who is the president of Motel Management Services, Inc., a trustee of the Mary Etzrodt Real Estate Trust, President of NI45 and General Manager of the Neshaminy Inn motel. At the time Plaintiff filed an Amended Complaint a factual record had been made. This record, based on deposition testimony and records produced during discovery, required the removal and addition of factual averments to the Amended Complaint that E.B. is required to verify. As such Plaintiff's accusation that the Amended Complaint was drafted to find coverage is inaccurate and not based on the record of the case.

9. Denied. The averments in this Paragraph refer to written documents that speak for themselves and any characterizations of the documents are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

10. Denied as stated. The averments in this Paragraph refer to written documents that speak for themselves and any characterizations of the documents are denied. The Amended Complaint does not exclusively include a claim under the Pennsylvania Human Trafficking Statute. The Amended Complaint includes two additional counts (Counts IV and VI) under Pennsylvania common law for negligence and negligent infliction of emotional distress for which Motel Managements Services, Inc., the Mary Etzrodt Real Estate Trust, and NI45, LLC (hereinafter

"Neshaminy Inn Defendants") are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed.

11. Denied. Plaintiff filed an Amended Complaint to join as defendants NI45 LLC and The Mary Etrzrodt Real Estate Trust as the landlords and owners of the property on which the Neshaminy Inn is located based on information discovered during the litigation and the deposition of Matthew Etrzrodt who is the president of Motel Management Services, Inc., a trustee of the Mary Etzrodt Real Estate Trust, President of NI45 and General Manager of the Neshaminy Inn motel. At the time Plaintiff filed an Amended Complaint a factual record had been made. This record based on deposition testimony and records produced during discovery required the removal and addition of factual averments to the Amended Complaint that E.B. is required to verify. As such Plaintiff's accusation that the Amended Complaint was drafted to find coverage is inaccurate and not based on the record of the case.

12. Denied. See response to Paragraphs 8, 11. Further, the Amended Complaint does not exclusively include a claim under the Pennsylvania Human Trafficking Statute. The Amended Complaint also includes two additional counts (Counts IV and VI) under Pennsylvania common law for negligence and negligent infliction of emotional distress for which the Neshaminy Inn Defendants are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed.

13. Denied. The averments in this paragraph refer to Amended Complaint which a document that speaks for itself and any characterizations of the pleading are denied. Further, any characterization of the Pennsylvania Human Trafficking Statute is denied.

14. Denied as stated. This Paragraph refences the Pennsylvania Human Trafficking Statute and any characterization is denied.

15. Denied as stated. The Amended Complaint is a document that speaks for itself and any characterization of the Amended Complaint is denied. Further, the Amended Complaint does not exclusively include a claim under the Pennsylvania Human Trafficking Statute. The Amended Complaint also includes claims under Pennsylvania common law for negligence and negligent infliction of emotional distress for which the Neshaminy Inn Defendants are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed.

16. Denied as stated. This Paragraph refences the Pennsylvania Human Trafficking Statute and any characterization is denied. The Amended Complaint includes claims under Pennsylvania common law for negligence and negligent infliction of emotional distress for which the Neshaminy Inn Defendants are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed. E.B.'s claims for negligence and negligent infliction of emotional distress are entirely separate and independent from any claim under the Pennsylvania Human Trafficking Statute.

17. Denied as stated. This Paragraph refences the Pennsylvania Human Trafficking Statute and any characterization is denied. It is admitted only that a minor cannot consent to sex trafficking or commercial sex.

18. Denied as stated. This Paragraph refences the Pennsylvania Human Trafficking Statute and any characterization is denied. It is admitted only that civil liability for sex trafficking of a minor does not require a showing of force, threat or coercion.

19.     Denied as stated.  This Paragraph refences the Pennsylvania Human Trafficking Statute and any characterization is denied.  The Amended Complaint includes claims under Pennsylvania common law for negligence and negligent infliction of emotional distress for which the Neshaminy Inn Defendants are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed.  E.B.'s claims for negligence and negligent infliction of emotional distress are entirely separate and independent from any claim under the Pennsylvania Human Trafficking Statute.

20. – 27.     Denied as stated.  The insurance policies are written documents that speak for themselves. All characterizations of the policies are denied, and Defendant denies any purported interpretation of these policies.

## COUNT I

28.     Denied.  This in an incorporation Paragraph to which no response is required.  Further, E.B. incorporates herein by reference the responses set forth in paragraphs 1 – 27.

29.      Denied as stated.  The averments in this Paragraph refer to written documents that speak for themselves and any characterizations of the documents are denied.  The Amended Complaint does not exclusively include a claim under the Pennsylvania Human Trafficking Statute.  The Amended Complaint includes two additional counts under Pennsylvania common law for negligence and negligent infliction of emotional distress for which the Neshaminy Inn Defendants are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed.

30.     Denied.  This is a conclusion of law to which no response is required.

31.     Denied.  See response to Paragraphs 8, 11 and 12.

32.  Denied. This is a conclusion of law to which no response is required.

## COUNT II

33.  Denied.  This in an incorporation Paragraph to which no response is required.  Further, E.B. incorporates herein by reference the responses set forth in paragraphs 1 – 32.

34.  Denied.  This Paragraph contains conclusions of law to which no response is required.  By way of further response, see response to Paragraphs 8, 11, and 12.

35.  Denied.  The averments in this Paragraph refer to the Amended Complaint which is a document that speaks for itself and any characterization of the pleading is denied.  Further, Pennsylvania has a public policy not to deny a tort victim compensation that is within the reasonable expectation of the insured.

36.  Denied.  This Paragraph includes a conclusion of law to which no response is required.  Further, it is public policy to provide compensation to tort victims that included victims of sex trafficking.

37.   Denied. See response to Paragraph 36.

## COUNT III

38.  Denied.  This in an incorporation Paragraph to which no response is required.  Further, E.B. incorporates herein by reference the responses set forth in paragraphs 1 – 37.

39.  Denied.  This is an incorporation Paragraph to which no response is required.  Defendant E.B. incorporates herein by reference the response in the responses in their entirety in the answer of Defendant E.B. to Counts III-IX in the previous action.

## AFFIRMATIVE DEFENSES

1.  Defendant incorporates herein by reference in their entity the averments of paragraphs 1 through 39.

## FIRST AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

3. Plaintiff's position of no coverage disregards and is contrary to Plaintiff's claims under Pennsylvania common law for negligence and negligent infliction of emotional distress for which the Neshaminy Inn Defendants are liable based on constructive knowledge of dangerous activity including the sex trafficking of E.B. and failing to provide security that created and permitted an environment for E.B. to be harmed.

## THIRD AFFIRMATIVE DEFENSE

4. It is against public policy to deny a tort victim, including a victim of sex trafficking, compensation for her injuries.

**WHEREFORE**, Defendant E.B. respectfully requests this Honorable Court dismiss the Complaint for Declaratory Judgment and such other or further relief that the Court deems appropriate.

Date:   4/30/2020

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
Phone: (215)772-1000
Fax: (215)792-5524

*Attorneys for Defendant, E.B.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2020, one true and correct copy of the foregoing **Answer and Affirmative Defenses of Defendant, E.B. to Plaintiff's Complaint for Declaratory Judgment** will be served via the Court's electronic filing system upon:

Louis E. Bricklin, Esquire
Bennett, Bricklin & Saltzburg, LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
*Attorney for Plaintiff, Nautilus Insurance Company*

Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA 19103
*Attorneys for Defendants, Motel Management Services, Inc. d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC*

**KLINE & SPECTER, P.C.**

Date:   4/30/2020

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Defendant, E.B.*