IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MOTEL MANAGEMENT SERVICES, INC., : | CIVIL ACTION |
| d/b/a NESHAMINY INN : | |
| and : | |
| THE MARY ETZRODT REAL ESTATE TRUST : | NO. 20-CV-00289 |
| and : | |
| NI45, LLC : | |
| and : | |
| E.B. : | |
| c/o Kline & Specter, P.C. : | |
| : | |
| Defendants. : | |

**ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion for Judgment on the Pleadings of Defendants Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC, and any responses thereto, it is hereby ORDERED and DECREED that said motion GRANTED, and judgment in favor of said defendants and against plaintiff Nautilus Insurance Company is hereby entered declaring that Nautilus Insurance Company is obligated to provide a defense to said defendants with respect to the claims of the amended complaint made in the underlying action of <u>E.B. v. Motel 6 Operating L.P., et al.</u>, in the Philadelphia Court of Common Pleas at No. 1705-0487.

BY THE COURT:

_____
Petrese B. Tucker, J.

5250719v3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MOTEL MANAGEMENT SERVICES, INC., : | CIVIL ACTION |
| d/b/a NESHAMINY INN : | |
| and : | |
| THE MARY ETZRODT REAL ESTATE TRUST : | NO. 20-CV-00289 |
| and : | |
| NI45, LLC : | |
| and : | |
| E.B. : | |
| c/o Kline & Specter, P.C. : | |
| : | |
| Defendants. : | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS
MOTEL MANAGEMENT SERVICES, INC., D/B/A NESHAMINY INN
THE MARY ETZRODT REAL ESTATE TRUST
AND NI45, LLC (THE "INSURED DEFENDANTS")**

Defendants Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC (collectively "defendant insureds"), by and through their attorneys, Montgomery McCracken Walker & Rhoads, LLP, hereby move for judgment on the pleadings and in support thereof state as follows:

**INTRODUCTION**

1. This insurance coverage declaratory judgment action arises from the claims of a then 17 year old prostitute and alleged victim of sexual trafficking, E.B., who had filed an initial complaint against three owners of motels for not preventing her alleged trafficking. (Complaint of plaintiff insurer at Exhibit A.)

2. That initial complaint has been the subject of an earlier declaratory judgment action (see Complaint of plaintiff insurer at Exhibit C (slip opinion), <u>Nautilus Ins. Co. v. Motel</u>

Mgmt. Servs., Inc., 320 F.Supp. 3d 636 (E.D. Pa. 2018)) finding that coverage was precluded by an "all assault and battery" exclusion and public policy, based on allegations in paragraph 37 of that initial complaint, upon which the trial court had explicitly based its decision of no coverage because "E.B. alleges she was assaulted."  320 F.Supp.3d at 642.

3. In this declaratory judgment action, the complaint of plaintiff insurer addresses the issue of coverage on an amended complaint filed by E.B., following the earlier determination of no coverage.  (Complaint of plaintiff insurer at Exhibit B.)

4. Most significantly, by that amendment the underlying plaintiff E.B. eliminated the contention of the initial complaint's paragraph 37 (Complaint of plaintiff insurer at Exhibit A), in which, as the Trial Court explained, E.B. previously alleged having been "assaulted" by being "held at gunpoint while being forced to engage in sexual acts" by her third party trafficker.  (320 F.Supp.3d at 642.)

5. In this action, plaintiff insurer seeks to evade the significance of the changes in E.B.'s amended complaint by alleging, among other things, that by that filing E.B. seeks to manipulate insurance coverage, contending that her amended complaint allegedly is "an evident attempt to avoid the result of this court's prior judgment." (Complaint of plaintiff insurer at paragraph 11.)

6. Plaintiff insurer also contends that, notwithstanding the elimination by that amendment of the allegation that E.B. was "assaulted" by being "held at gunpoint" by her trafficker, the earlier decision[1] as to plaintiff insurer's "assault and battery" exclusion is "*res judicata*."  (Complaint of plaintiff insurer at paragraph 34.)

---

[1] See Complaint of plaintiff insurer at Exhibit C, Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc., 320 F.Supp. 3d 636 (E.D. Pa. 2018).

7. The filings of record in the earlier, now mooted, declaratory judgment action refute plaintiff insurer's allegation that E.B. was attempting to manipulate coverage when her amended complaint eliminated the contention of being "assaulted" by being forced to engage in prostitution "at gunpoint" and by threat of violence.

8. More specifically, as set forth in an earlier filing by insured defendant Motel Management Services, Inc.,[2] in E.B.'s deposition testimony she denied she was ever threatened with a weapon at Neshaminy Inn by her trafficker, or that she was subject to physical abuse or assault by any of her prostitution customers at the Neshaminy Inn. (Exhibit 1, attached hereto, at 4-7 of 9.)

9. As underlying plaintiff and co-defendant in this case E.B. has herself explained, the "factual record" in the underlying liability case, "based on deposition testimony and records produced during discovery" "required the removal" "of factual averments" "that E.B. is required to verify," and "Plaintiff's accusation that the Amended Complaint was drafted to find coverage is inaccurate and not based on the record of the case." (Answer and Affirmative Defenses of the Defendant E.B. to Plaintiff's Complaint for Declaratory Judgment at paragraph 8.)

10. This Court's prior determination of no coverage based on E.B.'s initial complaint is not only not *res judicata*, but also it has no applicability or relevance whatsoever to this action based on her amended complaint.

11. To the contrary, plaintiff insurer's duty to defend the defendant insureds must be determined on the basis of the allegations set forth in "the four corners"[3] of E.B.'s amended

---

[2] Motion for Relief from Final Judgment and Order, filed in the initial earlier declaratory judgment action, Document 30 at Civil Action No. 17-4491 (E.D. Pa.) (copy attached hereto, without exhibits to said motion, as Exhibit 1).

[3] In affirming the Trial Court's decision in the earlier declaratory judgment action, the Third Circuit Court of Appeals stated that in determining whether Nautilus has a duty to defend, the Court may not look beyond the "four
Continued…

complaint, which has not previously been considered by this Court, and which no longer alleges that E.B. was subject to any "assault" within the "plain and ordinary" meaning of that term as used in the relied upon policy exclusion.

### COUNT I OF PLAINTIFF INSURER'S COMPLAINT – THE "ALL ASSAULT AND BATTERY" EXCLUSION

12. Under Pennsylvania law an insurer, as here, seeking to avoid the duty to defend its insureds based on a policy's exclusion has a heavy burden to demonstrate the exclusion's applicability, and must show that the <u>only</u> reasonable interpretation of the language of the exclusion, consistent with the "plain and ordinary" meaning of the policy's terms, is preclusive of coverage.

13. Contrary to the earlier Trial Court's misstatement, in the earlier decision, as to the term "assault" being "defined" in the policy (320 F.Supp.3d at 643), the term "assault" is not defined in the Nautilus policy. (A copy of the Nautilus Policy is attached as Exhibit E to plaintiff insurer's Complaint.)

14. The plain and ordinary meaning of the term "assault" was, however, described accurately earlier by the Trial Court in the earlier, mooted decision as an "intentional attempt by force to do an injury" or an attempt "by physical menace to put another in fear of imminent serious bodily injury." 320 F.Supp.3d at 642, 643.

---

corners" of the underlying complaint and how it matches up with the actual terms of the policy. <u>Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.</u>, 781 Fed. Appx. 57, 59 (3d Cir. 2019) (slip opinion attached as Exhibit D to Complaint of plaintiff insurer).

In finding, as the Trial Court did, that E.B.'s initial allegations reflected assaults and batteries, the Court of Appeals similarly relied upon E.B.'s initial complaint's explicit, unambiguous allegations (absent in the Amended Complaint) of being "held at gunpoint" and "forced to engage in commercial sex acts." 781 Fed. Appx. at 58, 60 n.4.

15.     As the Third Circuit has explained, "in Pennsylvania, when words of common usage are used in an insurance policy, they should be construed in their natural, plain and ordinary sense." Meyer v. CUNA Mut. Ins. Soc., 648 F.3d 154, 164 (3d Cir. 2011), citing Madison Const. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 108 (Pa. 1999).

16.     For motel and hotel insureds, such as defendants, the illegal sexual activity of third parties, such as the use of hotel or motel rooms for acts of prostitution, is an ever-present risk, well known to both insureds and insurers.

17.     An applicable exclusion could easily have been, but was not, drafted to exclude by tailored, unambiguous language, on premises illegal commercial sexual activity.

18.     Under Pennsylvania law, "[a]s the drafter of an insurance policy, it is incumbent upon the insurance company to delineate as precisely as possible the full extent of coverage." Weisman v. Green Tree Ins. Co., 670 A.2d 160, 162 (Pa. Super. 1996); Carpenter v. Federal Ins. Co., 637 A.2d 1008, 1011 (Pa. 1994).

19.     Operators of hotels and motels could not reasonably be expected to anticipate that the Nautilus exclusion for "assault and battery" would be expanded beyond claims arising from such things as fights and shootings, which would be within the "plain and ordinary" meaning of its terms, to alleged negligence in connection with underage prostitution, as here, not alleged to be accompanied by use of force or threat of force.

20.     As the Third Circuit Court of Appeals has explained, under Pennsylvania law "the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured." Reliance Ins. Co. v. Moessner, 121 F.3d 895, 903 (3d Cir. 1997).

21. On the averments of E.B.'s amended complaint of prostitution <u>not</u> alleged to have been made involuntary by the compulsion of such force or threat of force, the assault and battery exclusion can only reasonably be construed as inapplicable.

22. But even if the contrary interpretation, that the exclusion is applicable to E.B.'s new limited claims, were also reasonable (and it is not), under Pennsylvania law, the exclusion would be "ambiguous" and would have to be construed in favor of coverage.

**COUNT II OF PLAINTIFF INSURER'S COMPLAINT – PUBLIC POLICY**

23. Plaintiff insurer's complaint also alleges that as the alleged conduct of defendant insureds is that they "engaged in criminal activity" that is "reprehensible," E.B.s' claims against them "should be uninsurable as a matter of law." (Complaint of plaintiff insurer at paragraphs 35, 36.)

24. In arguing that its insureds can only be liable for "criminal" and "reprehensible" conduct, plaintiff insurer egregiously misdescribes the allegations of E.B.'s amended complaint. It does so by describing those claims as if they only sought to impose liability on the basis of alleged criminal liability pursuant to the terms and requirements of the human trafficking statute. (Complaint of plaintiff insurer at, <u>e.g.</u>, paragraph 35.)

25. In fact, only <u>one</u> of the three counts of E.B.'s amended complaint against defendant insureds seeks such statutory liability, and requires proof of the elements for liability under the statute.

26. As underlying plaintiff and co-defendant E.B. herself correctly explained in her Answer in this action, her underlying "Amended Complaint" against defendants "includes claims under Pennsylvania common law for negligence and negligent infliction of emotional distress" based on merely alleged "constructive" knowledge, and those claims "are entirely separate and independent from any claim under the Pennsylvania Human Trafficking Statute." (Answer and

-6-

Affirmative Defenses of the Defendant E.B. to Plaintiff's Complaint for Declaratory Judgment at paragraph 19.)

27.  Pennsylvania has no public policy that precludes an insurer from furnishing a defense where the potential liability of its insureds cannot be foreclosed based on such negligence and lack of awareness of third party criminality, even where, as here, claims against insureds involve acts of third parties of sexual abuse of minors.  (See, e.g., Board of Public Education of School District of Pittsburgh v. National Union Fire Ins. Co. of Pittsburgh, PA, 709 A.2d 910 (Pa. Super. 1998).)

28.  Pennsylvania does have a strong public interest in providing insurance coverage, as here, within the reasonable expectation of its insureds.

29.  More specifically, under Pennsylvania law, "when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy and controls coverage."  Donegal Mut. Ins. Co. v. Bauhammers, 938 A.2d 286, 290 (Pa. 2007), quoting Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 897 (Pa. 2006).

30.  As recently reiterated by its Supreme Court in Erie Ins. Exchange v. Moore, 2020 WL 1932642, *6 (Pa. April 22, 2020), Pennsylvania also has an important public interest against depriving insureds of coverage where doing so, as here, would also "unnecessarily withhold compensation to tort victims," such as underlying plaintiff and co-defendant E.B.

31.  The continuation by plaintiff insurer of the defense to defendant insureds, which it is now providing, is not contrary to Pennsylvania public policy.

32.  The denial and withdrawal of a defense to defendant insureds on E.B.'s present claims would be contrary to Pennsylvania public policy.

WHEREFORE, defendant insureds Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC respectfully request that this Honorable Court grant their motion for judgment on the pleadings and enter the attached proposed order granting judgment in favor of defendant insureds and against plaintiff Nautilus Insurance Company, declaring that Nautilus Insurance Company is obligated to provide a defense to said defendants with respect to the claims made in the amended complaint in the underlying action of E.B. v. Motel 6 Operating L.P., et al., in the Philadelphia Court of Common Pleas at No. 1705-0487.

Respectfully submitted,

Date:  June 5, 2020

/s/ Jeffrey R. Lerman
Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA  19103
(215) 772-1500 (telephone)
(215) 772-7620 (facsimile)

*Attorneys for Defendants*
*Motel Management Services, Inc. d/b/a Neshaminy Inn,*
*The Mary Etzrodt Real Estate Trust and NI45, LL*