# EXHIBIT 1

**BEGLEY, CARLIN & MANDIO, LLP**
By: Douglas C. Maloney, Esquire
Attorney I.D. No. 34388
680 Middletown Blvd.
Langhorne, PA 19047
(215)750-0110
Email: dmaloney@begleycarlin.com

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY<br><br>                    Plaintiff,<br><br>    vs.<br><br>MOTEL MANAGEMENT SERVICES,<br>INC. d/b/a NESHAMINY INN<br><br>        and<br><br>E.B.<br>c/o Kline & Specter, P.C.<br>                    Defendant. | IN THE UNITED STATES DISTRICT<br>COURT FOR THE EASTERN DISTRICT<br>OF PENNSYLVANIA<br><br>CIVIL ACTION – LAW<br><br>No. 17-4491 |

## ORDER

AND NOW, on this _____ day of _____, 2018, upon

consideration of the Motion for Relief from Final Judgment and Order submitted by Motel

Management Services, Inc. d/b/a Neshaminy Inn, and in consideration of any responses filed in

response thereto, it is hereby ORDERED and DECREED that, in light of newly discovered

evidence in the present matter, the Orders issued by this Court on May 24, 2018, are VACATED.

                                                BY THE COURT:

                                                _____
                                                                                    J.

{00847211/}

BEGLEY, CARLIN & MANDIO, LLP
By: Douglas C. Maloney, Esquire
Attorney I.D. No. 34388
680 Middletown Blvd.
Langhorne, PA 19047
(215)750-0110
Email: dmaloney@begleycarlin.com

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY<br><br>                                      Plaintiff,<br><br>    vs.<br><br>MOTEL MANAGEMENT SERVICES,<br>INC. d/b/a NESHAMINY INN<br><br>        and<br><br>E.B.<br>c/o Kline & Specter, P.C.<br>                              Defendant. | IN THE UNITED STATES DISTRICT<br>COURT FOR THE EASTERN DISTRICT<br>OF PENNSYLVANIA<br><br>CIVIL ACTION – LAW<br><br>No. 17-4491 |

## MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER

Defendant, Motel Management Services, Inc., ("MMS") moves this Honorable Court pursuant to Rule 60(b)(2) to reconsider the Orders issued by this Honorable Court on May 24, 2018, in light of newly discovered evidence in the matter, and in support thereof, sets forth the following facts.

## FACTS

The present case is on appeal to the United States Court of Appeals for the Third Circuit following a ruling from this Honorable Court granting Nautilus Insurance Company's ("Nautilus") Motion for Judgment on the Pleadings. The Declaratory Judgment action filed by Nautilus was premised upon an assertion that Nautilus had no duty to provide insurance coverage to MMS with

respect to allegations raised in an action pending in the Philadelphia County Court of Common Pleas captioned E.B. v. Motel 6 Operating L.P., et al., No. 170500487 ("Philadelphia Action").

The entirety of the record before this Court was the Complaint from the Philadelphia Action, and the insurance policy. This Court made the determination that the operative insurance policy did not provide coverage to MMS for the conduct alleged by E.B., the Plaintiff in the Philadelphia County Case. In so finding, this Court held that E.B. was, according to the Complaint, raped and assaulted at the Neshaminy Inn, which MMS owned, operated and/or managed. Particularly, the Memorandum Opinion detailed how E.B. was alleged to have been forced to engage in intercourse against her will, and was held at gunpoint while on MMS property. As stated in said Memorandum Opinion:

> E.B. alleges she was "visibly treated in an aggressive manner" by her traffickers. Indeed, she claims she was held at gunpoint and threatened to engage in sex acts not only with her paying customers, but also with her traffickers. And while she was engaged in forced sexual activity, men and other minors entered and exited the room.

See p.2 of May 24, 2018 Memorandum Opinion, attached as Exhibit "A".

The Memorandum Opinion further addresses how the gun incident impacts a determination as to whether E.B. was assaulted on MMS' property:

> E.B. alleges that she was assaulted. She asserts she was forcibly compelled to engage in sexual acts against her will. This included her being "held at gunpoint and threatened to engage in sexual acts with multiple traffickers." Among other crimes, she was trafficked, raped, sexually assaulted, and indecently assaulted.

See p.8 of May 24, 2018 Memorandum Opinion, attached as Exhibit "A", emphasis added.

While MMS' appeal to the Third Circuit was, and remains, pending, litigation in the Philadelphia Action remained ongoing.  E.B. was deposed on August 23, 2018 and said transcript of the deposition was provided to MMS' counsel on September 20, 2018.

Most importantly, in that deposition, the following exchange occurred:

> Q. Did Mr. Davis ever threaten you with a weapon at Neshaminy?
> A. No.
> Q. Did any john ever physically abuse you, hurt you? I don't mean just having sex with you, I mean like assault you at the Neshaminy.
> A. No.

See, E.B. Deposition Transcript, p.343, dated August 23, 2018, attached as Exhibit "B".

Additionally, with respect to her demeanor, E.B. answered "No" to the question as to whether she looked scared or frightened while at the hotel.  See, p. 342 of Exhibit "B".  E.B. further testified only to two "interactions" with employees of the Neshaminy Inn.  She indicated that on one instance, she made "eye contact" with a front desk employee.  On a second instance, while in her room, a hotel maid entered to provide cleaning services.  She testified that she never interacted with, nor saw, the individual at the front desk again.  Finally, E.B. testified that she never spoke with anyone at the Neshaminy Inn, including the maid.  See, p. 339 of Exhibit "B"

Indeed, the entire record of E.B.'s testimony is bereft of any information which would indicate that MMS employees had knowledge or constructive knowledge of E.B.'s sexual activities on site.  Crucially, E.B. affirmatively testified that no physical assault or incident with a gun occurred while at the Neshaminy Inn.

## ARGUMENT

Rule 60(b)(2) allows for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" to "give rise to relief from a judgment or order." Compass Tech. v. Tseng Lab., 71 F.3d 1125, 1130 (3d. Cir. 1995).

The standard for granting relief from a final judgment or order requires a showing that the new evidence is (1) material and not cumulative; (2) could not have been discovered before trial through the exercise of reasonable diligence; and, (3) would probably have changed the outcome of the trial. Id. (internal citations omitted). The new evidence discovered in this matter could not have been discovered before E.B.'s deposition occurred; is material; and goes to the very heart of whether Nautilus is obliged to provide insurance coverage to MMS.

Disputes with respect to the extent of available insurance coverage explicitly permit the allowance of extrinsic evidence to resolve the duty to defend. See, Air Products & Chemicals, Inc. v. National Union Fire Ins. Co., 25 F.3d 177, 180 (3d. Cir. 1994). As stated by the Third Circuit, "[i]f the insured is successful in demonstrating coverage is not necessarily excluded by the facts averred in the complaint, the insurer is required to defend the underlying suit." Id. The facts as now discovered in the present matter clearly rebut any argument that an exclusion is implicated in this matter.

E.B.'s Complaint in the Philadelphia Action against MMS alleges an incident on MMS property which she was threatened with a gun. Although MMS has always denied that this conduct ever occurred, a portion of the May 24, 2018 Order is clearly premised upon a determination that the conduct E.B. alleged in her Complaint necessarily implicated the assault/battery exclusion of MMS' insurance policy with Nautilus.[1] Specifically, it was determined that E.B. was assaulted and that E.B.'s averment pertaining to being threatened with a firearm constituted assaultive conduct and/or rape.

Importantly, information has now arisen, by virtue of E.B.'s testimony, which makes clear that E.B. was not ever physically threatened or abused while on MMS' property, nor was she ever threatened with any weapon while on site. Therefore, E.B.'s own sworn testimony conclusively

---

[1] MMS disputes, and continues to dispute, the averments made within E.B.'s Complaint.

confirms that the relevant allegations about assaultive conduct, upon which this Court relied on when determining that there existed no duty to provide coverage, was erroneously pleaded.

Nautilus' Motion for Judgment on the Pleadings is based upon the Assault/Battery exclusion within MMS' insurance policy. This Court's Memorandum Opinion plainly illustrates that this Court considered the following three averments in E.B.'s pleading: a) that E.B. was "visibly treated in an aggressive manner" on site; b) E.B. was held at gunpoint and threatened to engage in sex acts; and c) she was assaulted while on site. In this Court's Opinion, these allegations implicate the assault/battery exclusions of the policy, and establish MMS' notice or constructive notice of the alleged human sex trafficking.

Taken in turn, E.B.'s testimony clearly establishes the inaccuracy of the pleadings from which this Court based its decision. First, E.B. indicated that she only saw two employees while at the Neshaminy Inn – the first, while checking in, and the second was a maid who cleaned the room. Neither interaction was while she was speaking with another individual, nor engaged in sexual acts. There was certainly no employee of the Neshaminy Inn present while she was "visibly treated in an aggressive manner". In fact, E.B. testified that she did not believe she ever seemed fearful or scared while at the hotel which would put either of the employees on constructive notice with respect to the alleged human sex trafficking.

Second, it is now clear that E.B. was never threatened with a weapon while at the Neshaminy Inn. The allegation of this conduct in E.B.'s Complaint was a major factor in the Court's determination that she was assaulted while at the Neshaminy Inn. Such a material assertion now having been proved false should be determinative in this matter.

Third, E.B. testified in her deposition that she was not physically harmed on site. As has been addressed, the premise for exclusion of insurance coverage centered upon the allegations levied by E.B. invoking the assault/battery exclusion. With E.B. now having confirmed the inaccuracy of

the underlying pleadings, it should be held by this Court that no assaultive conduct took place on MMS' premises and therefore is no qualifying exception to the parties' insurance policy.

E.B.'s testimony uncovered material revelations with respect to the pending litigation. The statements made at E.B.'s deposition clearly contradict her pleadings in the Philadelphia Action. Importantly, these statements go to the heart of this Court's Memorandum Opinion in the present case. As has been established in Pennsylvania, "an insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy." _Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc._, 2 A.3d 526, 541 (Pa. 2010). It is abundantly clear now that testimony has been provided that the "conduct" in the Philadelphia Action could certainly come within the coverage of the policy.

It is clear that the standard under Rule 60(b)(2) have been met in the present case. As has been established, the new evidence is not cumulative – it directly contradicts E.B.'s pleadings in the Philadelphia Action, and those pleadings were the only evidence this Court relied upon in granting Nautilus' Motion. Next, the evidence could not have been discovered before now – as it only became available once E.B. was deposed. Finally, the aforestated analysis illustrates why the final order issued by this Court should be overturned by virtue of this newly discovered evidence. For those reasons, it is proper to grant MMS' Motion pursuant to Rule 60(b)(2).

RESPECTFULLY SUBMITTED,

BEGLEY, CARLIN & MANDIO, LLP

Date: ___10/ 11 /18___          By: _____

Douglas C. Maloney, Esquire
Attorney I.D. No. 34388

{00847211/}

*Attorney for Defendant, Motel Management Services,*
*Inc. d/b/a Neshaminy Inn*

BEGLEY, CARLIN & MANDIO, LLP
By: Douglas C. Maloney, Esquire
Attorney I.D. No. 34388
680 Middletown Blvd.
Langhorne, PA 19047
(215)750-0110
Email: dmaloney@begleycarlin.com

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY | IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff, | |
| vs. | CIVIL ACTION – LAW |
| MOTEL MANAGEMENT SERVICES, INC. d/b/a NESHAMINY INN | No. 17-4491 |
| and | |
| E.B. c/o Kline & Specter, P.C. | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Douglas C. Maloney, Esquire, hereby certify that I did serve a true and correct copy of the foregoing Motion for Relief via electronic mail and first class mail, upon the following:

Louis E. Bricklin, Esquire
Bennett, Bricklin & Saltzburg, LLC
1601 Market Street, 16th Floor
Philadelphia, PA  19103-2326

Nadeem A. Bezar, Esquire
1525 Locust Street
Philadelphia, PA 19102

BEGLEY, CARLIN & MANDIO, LLP.

By: _____
Douglas C. Maloney, Esquire

{00847211/}