UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| MOTEL MANAGEMENT SERVICES, INC., : | CIVIL ACTION |
| d/b/a NESHAMINY INN : | |
| and : | |
| THE MARY ETZRODT REAL ESTATE TRUST : | NO. 20-CV-00289 |
| and : | |
| NI45, LLC : | |
| and : | |
| E.B. : | |
| c/o Kline & Specter, P.C. : | |
| : | |
| Defendants. : | |

**O R D E R**

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion for Judgment on the Pleadings of Plaintiff, Nautilus Insurance Company, and any responses thereto, it is hereby ORDERED AND DECREED that said motion is DENIED.

BY THE COURT:

_____
Petrese B. Tucker, J.

5269476v2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN | : | |
| and | : | |
| THE MARY ETZRODT REAL ESTATE TRUST | : | NO. 20-CV-00289 |
| and | : | |
| NI45, LLC | : | |
| and | : | |
| E.B. | : | |
| c/o Kline & Specter, P.C. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS MOTEL MANAGEMENT SERVICES, INC., D/B/A NESHAMINY INN ("MMS"), THE MARY ETZRODT REAL ESTATE TRUST AND N145, LLC'S <u>ANSWER TO MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Motel Management Services, Inc., d/b/a Neshaminy Inn ("MMS"), The Mary Etzrodt Real Estate Trust and N145, LLC (collectively "defendant insureds") respond to the motion of plaintiff Nautilus Insurance Company ("plaintiff insurer").

1. Admitted.

2. Denied as stated. Admitted only that plaintiff insurer's description of the underlying claims of E.B. is generally accurate as set forth, but materially incomplete.

3. Denied as stated. As set forth in the defendant insureds' accompanying brief in opposition to plaintiff insurer's motion for judgment on the pleadings (hereinafter "accompanying brief"), the decision in the earlier, mooted declaratory judgment action was affirmed on appeal only in part.

5269476v2

4-9.     Denied as stated.  The description of the earlier mooted decision is misleadingly presented by plaintiff insurer by, among other things, its failure to disclose that said decision was explicitly premised on allegations of an initial complaint, which were contradicted by E.B.'s deposition testimony and underlying discovery, and were deleted in an amendment, so as to allow E.B. to truthfully verify the averments of her now operative amended complaint.

10-11.  Denied as stated.  Admitted only that E.B.'s amended complaint deleted the contentions of the initial complaint upon which the earlier mooted coverage decision was explicitly based.  As to plaintiff insurer's implication that E.B. and her counsel engaged in deceit by the amended complaint, from which it alleges that allegations "disappeared" "despite the fact that E.B. had verified the truth of that allegations when she verified the original complaint," denied.  Plaintiff insurer's contention of such alleged deceit by E.B. and her counsel is demonstrably false, as set forth more fully in defendants insureds' accompanying brief.

12-17.  Denied as stated.  To the contrary, E.B.'s amended complaint, consistent with her sworn testimony and discovery in the underlying case, no longer alleges that she was assaulted, either by being held at gunpoint while being forced to engage in sex, or assaulted in any other manner.  Within the "four corners" of E.B.'s now operative amended complaint, there is no averment of "repeated assaults," within the plain and ordinary meaning of the term "assault" used in its relied upon exclusion, and E.B. now alleges that she engaged in acts of illegal commercial sex, with no averments of force or threat of force, but as to which she could not legally consent because she was a minor.

18-20.  Denied as stated.  Admitted that E.B.'s amended complaint has three counts against defendant insureds, one for alleged violation of the Human Trafficking Statute, and two claims for common law negligence.  Denied that at this juncture liability on E.B.'s claims can be

foreclosed on the basis of mere "constructive knowledge" of their motel staff, without any evidence of actual knowledge, that E.B. was engaging in illegal commercial sexual acts, or being sexually trafficked, in connection with the rental of rooms at the Neshaminy Inn, on no more than three occasions, as set forth more fully in defendant insureds' accompanying brief.

21-23.  Admitted.

24.  Denied that plaintiff insurer is entitled to judgment in its favor. Otherwise, admitted.

25-26.  Admitted.

27.  Denied.

28.  Denied. As explained more fully in defendant insureds' accompanying brief, Nautilus' argument as to res judicata ignores and distorts both controlling Pennsylvania law and the nature of the earlier, now mooted decision, as to coverage based on E.B.'s initial complaint.

29-30.  Denied. Admitted only that as set forth above and in defendant insureds' accompanying brief, plaintiff E.B.'s amended complaint, consistent with her sworn deposition testimony, no longer alleges that she was subject to "assaults," within the plain and ordinary meaning of that term, but that she engaged in commercial sexual acts, as to which she could not consent because she was a minor.

Further denied that the trial court's decision as to public policy is *res judicata*. As set forth more fully in defendant insureds' accompanying brief, that determination was based specifically on allegations of her initial complaint, which have since been eliminated in her amended complaint, so as to conform that pleading to her sworn deposition testimony.

As also set forth in defendant insureds' accompanying brief, plaintiff insurer fails to disclose that the public policy determination was <u>not</u> affirmed on appeal, or the law that, in any

event, a ground of a trial court decision not affirmed on appeal provides no basis for the application of *res judicata*.

32.     Denied.  To the contrary, Pennsylvania clearly has no public policy against continuing a defense, as here, for claims on which its insureds' potential liability cannot be foreclosed on grounds of common law negligence in failing to prevent a third party's sexual abuse of minors.

To the contrary, the Superior Court of Pennsylvania has forcefully stated that to deny coverage to a merely negligent insured under such circumstances would be "intolerable."

Further, Pennsylvania has a strong public policy in favor of providing insurance coverage "when a provision in the policy is ambiguous" "to further the [insurance] contract's prime purpose of indemnification," as set forth more fully in defendant insureds' accompanying brief.

In addition, as recently reiterated by this Commonwealth's Supreme Court, Pennsylvania also has an important public interest against depriving insureds of coverage when doing so, as here, would also "unnecessarily withhold compensation to tort victims," as also more fully set forth in defendant insureds' accompanying brief.

33.     Denied.

WHEREFORE, defendant insureds Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and N145, LLC respectfully submit that the motion for judgment on the pleadings of plaintiff insurer Nautilus Insurance Company must be denied, and

that defendant insureds' cross-motion for judgment on the pleadings in their favor should be granted.


Date:  June 26, 2020
                                    /s/ *Jeffrey R. Lerman*

Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA  19103
(215) 772-1500 (telephone)
(215) 772-7620 (facsimile)

*Attorneys for Defendants*
*Motel Management Services, Inc. d/b/a Neshaminy Inn,*
*The Mary Etzrodt Real Estate Trust and NI45, LLC*

5269476v2