# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC. d/b/a NESHAMINY INN and THE MARY ETZRODT REAL ESTATE TRUST and NI45, LLC and E.B. | : | NO. 20-CV-00289 |

# ORDER

**AND NOW,** this _____ day of _____, 2020, upon consideration of the Plaintiff's Motion for Judgment on the Pleadings and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**.

**BY THE COURT:**

_____

**Petrese B. Tucker, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC. d/b/a NESHAMINY INN and THE MARY ETZRODT REAL ESTATE TRUST and NI45, LLC and E.B. | : : : : : : | NO. 20-CV-00289 |

**DEFENDANT, E.B.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant E.B., by and through counsel, responds in opposition to Plaintiff Nautilus Insurance Company's Motion for Judgment on the Pleadings.

**I.     E.B.'s Amended Complaint Is Based On Her Deposition Testimony And The Factual Record Of The Case**

Plaintiff's accusation that the Amended Complaint in the underlying civil action was manipulated to find insurance coverage is not only offensive, its blatantly untrue.  Defendant E.B. filed an Amended Complaint to join as defendants NI45 LLC and The Mary Etrzrodt Real Estate Trust as the landlords and owners of the property on which the Neshaminy Inn is located based on information discovered during the litigation and the deposition of Matthew Etrzrodt, who is the president of Motel Management Services, Inc., a trustee of the Mary Etzrodt Real Estate Trust, President of NI45 and General Manager of the Neshaminy Inn.  At the time E.B. filed an Amended Complaint, a factual record had been made.  This record, based on deposition testimony and records produced during discovery, required the removal and addition of factual averments to the Amended Complaint that E.B. is required to verify.  The elimination of the

averment that E.B. was threatened at gunpoint was justified to conform to her sworn deposition testimony.

It is egregious for Plaintiff to label E.B. and her counsel as deceitful because E.B.'s deposition testimony did not adhere to the Complaint verbatim. At her deposition, E.B. testified to the complicated relationship she had with her trafficker that at times involved affection and E.B. naively believing she was in a romantic relationship with someone who was selling her for sex. See N.T. E.B. at P. 238, LL. 17-24; P. 239, LL. 1-3 attached as Exhibit "A".[1] Plaintiff's accusation that E.B. and her counsel created a scheme to possibly obtain insurance coverage would require E.B., a child victim of sex trafficking who suffers from post-traumatic stress disorder, to manipulate her testimony through seven (7) hours of grueling questioning. Clearly, Plaintiff has no knowledge or understanding of the short and long-term psychological effects of being sex trafficked or else the ridiculousness of such an accusation made against E.B. and her counsel would be obvious.

Further, Plaintiff conjectures, without any basis, that there is always a physical assault upon a victim of sex trafficking. Plaintiff ignores the non-physical psychological coercion and deception that was used by E.B.'s adult trafficker including isolation, degradation and occasional indulgences that exacerbated E.B.'s vulnerability and negatively impacted her already fragile self-worth.

---

[1] A redacted copy of E.B.'s deposition testimony is attached hereto with referenced pages only to protect E.B.'s identity and her location. There is a Confidentiality Agreement in the underlying civil case that provides E.B.'s identity and contact information will not be published in any public filing. Additionally, E.B.'s information was sealed in the criminal case involving her trafficker. An unredacted copy of E.B.'s deposition transcript will be made available upon request by the Court.

There is no deceit or manipulation, as in this case, when an amendment to a complaint is based on the factual record of the matter.  E.B.'s counsel will continue to represent children who are victims of sex trafficking despite the risk of being unfairly called deceitful because these children may, at times, say something that is wrongly interpreted as inconsistent.

**II.**     **Pennsylvania Public Policy Favors Compensation For Tort Victims**

Plaintiff also misleadingly argues E.B. "will not go uncompensated" because she "moved" to put a "hold on the Motel Management defendants' assets in State Court."  See Plaintiff's Brief at P. 25.  Again, this is untrue and confirms that Plaintiff is unaware of the procedural posture and record of the underlying civil case. During the pendency of this litigation, E.B. learned that Matthew Etzrodt sold the Neshaminy Inn and that Mr. Etzrodt and his counsel failed to preserve evidence and records relevant to this litigation. E.B. filed a Preliminary Injunction that requested an accounting of the Neshaminy Inn Defendants assets from the sale of the property and that all proceeds be placed in escrow.  E.B.'s Preliminary Injunction was withdrawn based, in part, upon the denial of another Preliminary Injunction filed by E.B.'s counsel in a separate sex trafficking case that involved the sale of the North American Motor Inns during the pendency of that case.[2]   As such, there is no hold on any of the Neshaminy Inn Defendants' assets and in fact responses to discovery requests have revealed that the assets are gone.

According to Plaintiff, the "Marriotts" and the "Hyatts" of the world have plenty of money and if motel operators are permitted to turn sex trafficking claims over to their insurance companies then "the incentive is completely removed for hotels and motels to clean up their acts."  Plaintiff's argument is flawed and ignores that this case does not involve a Marriot or

---

[2] See B.H. v. Roosevelt Inn, et al, March Term 2019, Phila. CCP. 03356.

3

Hyatt hotel but concerns the Neshaminy Inn which, as previously mentioned, was sold. Therefore, there are no corporate assets to pursue.

Finally, Pennsylvania's public policy is in favor of compensating victims of acts by third parties. See Erie Insurance Exch. v. Moore, 2020 WL 1932642, *6 (PA. April 22, 2020) (Pennsylvania has a public interest against withholding compensation to tort victims). E.B. is not the only child who has been the victim of sex trafficking. There are thousands of similarly situated youth like E.B. who have predisposing factors that place them at greater risk for becoming victims of sex trafficking including their young age, poverty, lack of support by family members, a history sexual and physical abuse prior to their trafficking experience, placement in foster care or a residential treatment facility and homelessness. These victims are preyed upon and hotels, like the Neshaminy Inn, ignore the open and obvious indications of commercial sex activity, fail to provide security, and create and permit an environment for E.B., and other children, to be harmed.

In light of the foregoing, Defendant E.B. respectfully requests that this Court deny Plaintiff Nautilus's Motion for Judgment on the Pleadings.

Date:   6/26/2020

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102
Phone: (215)772-1000
Fax: (215)792-5524
*Attorneys for Defendant, E.B.*