# EXHIBIT 1

FILED
01 JUN 2020 11:20 pm
Civil Administration
T. FOBBS

**O'HAGAN MEYER**
By:   John P. Morgenstern, Esquire
Pa. Attorney Identification No. 80014
      Penelope B. O'Connell
Pa. Attorney Identification No. 200567

1500 Market Street, East Tower
12th Floor
Philadelphia, PA 19102
Phone: (215) 461-3300
Fax:   (215) 461-3311

Attorneys for Defendant
Motel Management
Services, Inc., t/a Motel
Management Services and
Neshaminy Inn;

| | |
|---|---|
| E.B. c/o KLINE & SPECTER, P.C.<br><br>Plaintiff,<br><br>v.<br><br>MOTEL 6 OPERATING L.P.; MOTEL 6, INC.; MOTEL 6, L.P.; G6 HOSPITALITY LLC; G6 HOSPITALITY PROPERTY LLC; NESHAMINY INN a/k/a NESHAMINY MOTOR INN; MOTEL MANAGEMENT SERVICES INC.; and MOTEL MANAGEMENT SERVICES; THE MARY ETZRODT REAL ESTATE TRUST; NI 45, LLC,<br><br>Defendant,<br><br>v.<br><br>DAIQUAN DAVIS<br><br>Additional Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>MAY TERM, 2017 – NO. 0487 |

## MOTEL MANAGEMENT SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

Comes now Defendant Motel Management Services, Inc.'s ("MMS"), through its counsel, O'Hagan Meyer, and respectfully moves this Honorable court to enter an order granting summary judgment in its favor. In support thereof:

1

Case ID: 170500487
Control No.: 20060187

23. The registration records created in the ordinary course of business and maintained by MMS reflect that Dai-Quan Davis rented a room at the Neshaminy Inn on a single occasion prior to the November 7, 2014, Comfort Inn arrest. The folio shows a one-night stay on Wednesday, October 29, 2014. Exhibit "E."

24. Plaintiff testified that when they checked in at the Neshaminy Inn, she stayed outside in the parking lot. Deposition of E.B., exhibit "B" at p. 113.

25. Davis, who was twenty-one (21) at the time, rented a room for $65.00 using a valid Pennsylvania ID. Exhibit "E."

26. The clerk gave him a key to a room with a door on the outside of the building and which overlooked a parking lot and a busy intersection. E.B. deposition, exhibit "B" at pp. 328-329.

27. E.B. testified that she and Davis then went to the room and an ad was set up on a website Backpage.com.

28. Davis played pool in the adjacent bar while E.B. was in the room with the unidentified johns. Deposition of Dai-Quan Davis, exhibit "C" at pp. 89-93.

29. E.B. and Davis both testified he did not have a gun with him or display a gun at Neshaminy Inn and that Davis did not strike her or threaten her. Exhibit "B" at pp. 343:13-15 and exhibit "C" at pp. 119:21-25.

30. E.B. testified that she did not seek assistance from any staff at the Neshaminy Inn. Exhibit "B" at pp. 344:1-5. E.B. testified that she did not see any MMS staff person more than once. Exhibit "B" at pp. 347-348.

31. Plaintiff has presented no evidence that anyone at MMS knowingly marketed services to Dai-Quan Davis to traffic E.B.

32. Plaintiff has presented no evidence that anyone at MMS charged Dai-Quan Davis a higher rate for his room rental.

33. Plaintiff has presented no evidence that any affiliated with MMS controlled or supervised Dai-Quan Davis.

34. Plaintiff has presented no evidence that anyone affiliated with MMS knew E.B. or that she was staying in a room at the Neshaminy Inn rented by Dai-Quan Davis.

35. Plaintiff has presented no evidence of the age of any alleged john at the Neshaminy Inn.

II.  ARGUMENT

    A. **Plaintiff's Count II under 18 Pa. Cons. Stat. § 3051 must fail, as the Pennsylvania legislature specifically exempts persons who provide goods or services to the general public and unknowingly provides those services to a person who would be liable under subsection (a)(2).**

36. In September 2014, Pennsylvania's governor signed into law Act 105, commonly known as the Pennsylvania Human Trafficking Act. The General Assembly's stated purpose for passing this bill is memorialized in its preamble:

> Amending Titles 18 (Crimes and Offenses) and 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statutes, extensively revising the law on human trafficking in the areas of prosecution, prevention, victim protection, evidentiary confidentiality, limitation of actions, victim impact statements and classification of sexual offenses; and making editorial changes.

38. The HTA was drafted with the purpose of bringing sex trafficking within the purview of human trafficking laws already on the books. It was implemented with the purpose of clarifying the criminal laws, evidentiary issues, and criminal penalties attendant with the acts of individuals

higher level of compensation from Dai-Quan Davis, and he was civilly liable under (a)(2); or that 3) MMS supervised or exercised control over Dai-Quan Davis, and he was civilly liable for Plaintiff's injuries under subsection (a)(2).[11]

67. Thus, EB cannot subject MMS to civil liability under the HTA because she cannot place MMS outside the safe harbor of the legislature's exclusionary language: she did not allege civil liability against her trafficker, and – more importantly -- MMS lacked the scienter required to remove it from the legislature's intentional exclusion of persons who offer goods and services to the public.

68. Even if she had sued Davis, Plaintiff has not adduced evidence that MMS knowingly marketed itself to Dai-Quan Davis for his prostitution scheme, or that MMS charged Dai-Quan Davis more than any other guest for his prostitution scheme, or that MMS controlled or supervised Davis, a stranger, in his prostitution scheme.

### B. Plaintiff cannot show that MMS participated in trafficking her, as required to find civil liability under 18 U.S.C.A. Section 3051.

69. Plaintiff may try to argue that her statutory claim survives by way of subsection (a)(1) and (a)(2) by alleging MMS itself was participating in her trafficking.

70. This claim, too, would fail. First, EB does not allege in her Amended Complaint that MMS participated in her trafficking. If she had, she would have to demonstrate that MMS: 1) recruited, profited from or maintained her; <u>and</u> that 2) MMS abused or caused bodily harm to her; <u>and</u> that 3) MMS knowingly advertised or published advertisements for the purpose of recruitment into sex

---

[11] The HTA intentionally carves out a "safe harbor" that statutorily exempts entities such as hotels and motels that serve the general public. To get beyond the safe harbor afforded to open-to-the-public businesses in general, in order to assert claims against motels like MMS, Plaintiff must prove that the motel knowingly marketed its services to an alleged victim's particular trafficker; or knowingly received a higher level of compensation from that trafficker; or supervised or exercised control over that particular trafficker. *See, A.B. v. Marriott International, Inc.*, 2020 WL 1939678 (E.D.P.A., April 22, 2020), slip. Op.

Case ID: 170500487
Control No.: 20060187

96. Plaintiff seeks to hold MMS to a standard above and beyond the powers granted to federal and state law enforcement by our Constitution.

97. The record in devoid of any objective evidence to suggest to MMS personnel working at the Neshaminy Inn that any crime, let alone human trafficking, would occur inside the room they lawfully rented to Dai-Quan Davis when he presented his valid state identification card and legal tender for the one-night room rental.

98. Thus, the focus of this Honorable Court's present inquiry must be on the events that took place outside the motel room.

99. Moreover, the objective indicia that occurred outside the room must have created actual knowledge – not mere constructive knowledge – that an act of human trafficking would occur. *A.B. v. Marriott International, Inc.*, 2020 WL 1939678 (E.D. Pa. April 22, 2020).

100. Plaintiff has presented no evidence that anyone at MMS knowingly marketed services to Dai-Quan Davis to traffic E.B.

101. Plaintiff has presented no evidence that anyone at MMS charged Dai-Quan Davis a higher rate for his room rental.

102. Plaintiff has presented no evidence that anyone affiliated with MMS controlled or supervised Dai-Quan Davis.

103. Plaintiff has presented no evidence that anyone affiliated with MMS knew E.B. or that she was staying in a room at the Neshaminy Inn rented by Dai-Quan Davis.

104. Plaintiff has presented no evidence of the age of any alleged john at the Neshaminy Inn. Plaintiff bears the burden of proving each of these elements as a threshold matter to sustain a cause of action against MMS.